UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

Francis M. Arias,

                             Plaintiff,

                                                                                  Case # 23-CV-6340-FPG

v.

                                                                                   DECISION AND ORDER

C.O.S. Rice,

                            Defendant.

*Pro se* Plaintiff Francis M. Arias brings this civil rights action against Defendant C.O.S. Rice, alleging that Defendant used excessive force against him while he was incarcerated at Lakeview Shock Incarceration Correctional Facility. ECF No. 1. Presently before the Court is Defendant's motion for summary judgment. ECF No. 19. Defendant argues that judgment as a matter of law is warranted because Plaintiff failed to exhaust his administrative remedies. Plaintiff has not filed a response.[1] *See* ECF Nos. 20, 23, 25. For the reasons that follow, Defendant's motion is GRANTED.

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[1] Plaintiff's response was originally due on January 9, 2025. ECF No. 20. Plaintiff received two extensions of time, such that his most recent deadline was April 10, 2025. ECF No. 25. Plaintiff was warned that no further extensions would be granted without good cause. *See id.* Plaintiff did not file a response by that deadline.

On April 23, 2025—nearly two weeks after the deadline—Plaintiff contacted the Clerk's Office by phone in order to notify the Court that he intended to submit another letter request for an extension of time. Nevertheless, a week has passed, and the Court has not received any letter. No further delay is warranted.

1

(1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

Under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2] The administrative exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If an inmate fails to exhaust his administrative remedies, he is barred from commencing a federal lawsuit. *Martin v. Niagara Cty. Jail*, No. 05-CV-00868, 2012 WL 3230435, at *6 (W.D.N.Y. Aug. 6, 2012). In other words, to commence a lawsuit "prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself." *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012). Exhaustion necessitates "using all steps that the [government] agency holds out, and doing so properly." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). To be "[p]roper," exhaustion must comply with all of the agency's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

---

[2] Although Plaintiff has been released from custody, ECF No. 24 at 1, he is subject to the exhaustion requirement because he "initiated suit while still in custody." *Richardson v. City of New York*, No. 21-CV-5080, 2023 WL 1777323, at *3 (S.D.N.Y. Feb. 6, 2023) (collecting cases).

To satisfy the PLRA's exhaustion requirement, an inmate in New York is generally required to follow the prescribed grievance procedure, which is set forth at 7 N.Y.C.R.R. § 701.5. The inmate's administrative remedies consist of a three-step grievance and appeal procedure: (1) investigation and review of the grievance by the Inmate Grievance Resolution Committee ("IGRC"); (2) if appealed, review of the IGRC's determination by the superintendent of the facility; and (3) if the superintendent's decision is appealed, review and final administrative determination by CORC. *See id.* All three steps of this procedure must ordinarily be exhausted before an inmate may commence suit in federal court. *See Morrison v. Parmele*, 892 F. Supp. 2d 485, 488 (W.D.N.Y. 2012).

In this case, Defendant provides evidence establishing that Plaintiff never sought review with CORC for any grievance related to this incident—a necessary step to exhaust. *See* ECF No. 19-4 at 5-6. 7 N.Y.C.R.R. § 701.5(d); *Omaro v. Annucci*, 68 F. Supp. 3d 359, 364 (W.D.N.Y. 2014) ("It is well-established that an inmate who does not appeal to CORC has failed to exhaust his administrative remedies."). Moreover, in his Rule 56 Statement of Facts, Defendant asserts that "Plaintiff did not exhaust a grievance pertaining to the incident alleged prior to filing the instant suit." ECF No. 19-1 at 1. Despite being warned of the consequences of his failure to respond with opposing facts, *see* ECF No. 19-2 at 2-5; ECF No. 20 at 1-2, Plaintiff did not contest this factual assertion. Accordingly, Plaintiff's failure to exhaust is "deemed admitted" insofar as he fails to "specifically controvert[ ] [it]" in accordance with the Local Rules. Loc. R. Civ. P. 56(a)(2).

Because Plaintiff failed to exhaust his administrative remedies with respect to the excessive-force claim against Defendant, Defendant is entitled to summary judgment. Dismissal

with prejudice is appropriate because Plaintiff can no longer cure this defect in exhaustion. *See generally* 7 N.Y.C.R.R. § 701.5.

## CONCLUSION

For these reasons, Defendant C.O.S. Rice's motion for summary judgment (ECF No. 19) is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment in Defendant's favor and close the case.

IT IS SO ORDERED.

Dated: April 30, 2025
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York